JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

David J. Klemann Sr. and Kathryn Klemann, h/w

## DEFENDANTS

Covan World-Wide moving, Inc., Coleman American Moving Services, Inc., Eagle Leasing, Inc., Jeffrey Elder, Jonathan A. Blaurock, Jaro Transportation Services, Inc. and Kathryn Hauman

**(b)** County of Residence of First Listed Plaintiff   State of Florida

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Churchill H. Huston, Esq., The Maher Law Firm, PA, 1515 Market Street, Suite 810, Philadelphia, PA 19102 (215) 207-0267

Attorneys *(If Known)*

Jaro Transportation Services, Inc. - Marc B. Zingarini, Esquire and Sean L. Phelan, Esquire, Weber Gallagher, 2000 Market Street, 13th Floor, Philadelphia, PA 19103 (215) 972-7900

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1441 and 1446

Brief description of cause:
All plaintiffs and defendants are foreign corporations or individuals and not citizens of the Commonwealth of PA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____   DOCKET NUMBER _____

DATE
08/29/2014

SIGNATURE OF ATTORNEY OF RECORD
*Sean Phelan*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 208 Railroad St. Fruitland FL 34731

Address of Defendant: 975 Post Road Warren OH 44483

Place of Accident, Incident or Transaction: Route 80, White Deer Township, Union County PA. *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☒

Does this case involve multidistrict litigation possibilities?      Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Sean L Phelan, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/29/14          Sean L Phelan          209469

          Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/29/14          Sean L Phelan          209469

          Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|                  |   |                |
|------------------|---|----------------|
|                  | : | CIVIL ACTION   |
|                  | : |                |
| v.               | : |                |
|                  | : |                |
|                  | : | NO.            |
|                  | : |                |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

| 8/29/14 | Sean L. Phelan | Jaro Transportation Services Inc. |
|---------|----------------|-----------------------------------|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.972.7900 | 215.564.7699 | Sphelan@wglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. KLEMANN SR. and | : | CIVIL ACTION |
| KATHRYN KLEMANN, H/W | : | |
| | : | NO. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| COVAN WORLD-WIDE MOVING, INC., | : | |
| COLEMAN AMERICAN MOVING | : | |
| SERVICES, INC., EAGLE LEASING, | : | |
| INC. JEFFREY ELDER, JONATHAN A. | : | |
| BLAUROCK, JARO | : | |
| TRANSPORTATION SERVICES, INC. | : | |
| and | : | |
| KATHLEEN HAUMAN | : | |
| | : | |
| Defendants | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Jaro Transportation Services, Inc. (incorrectly identified in Plaintiffs' Complaint as "Jaro Transportation Services") hereby gives notice of removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania and in support thereof avers as follows:

1.     On August 1, 2014, Plaintiffs, David J. Klemann Sr. and Kathryn Klemann (hereinafter "Plaintiffs"), commenced this personal injury action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania ("State Action"). See, Plaintiffs' Complaint attached hereto as Exhibit "A."

2.     During all relevant times, Plaintiffs were and still are citizens of the State of Florida. Id. at ¶ 1.

3.     In this State Action, Plaintiffs have named seven (7) Defendants, Covan World-Wide Moving, Inc., Coleman American Moving Services, Inc., Eagle Leasing, Inc., Jeffrey Elder, Jonathan A. Blaurock and Kathleen Hauman. See, a copy of all process, pleadings and orders served in this action to date attached hereto as Exhibit "B."

4.     Defendants, Covan World-Wide Moving, Inc., Coleman American Moving Services, Inc. and Eagle Leasing, Inc. are Alabama corporations.

5.     Defendants, Jeffrey Elder and Jonathan Blaurock are adult citizens and residents of the State of Kansas.

6.     Defendant, Kathleen Hauman is an adult citizen and resident of the State of Connecticut.

7.     Removing Defendant, Jaro Transportation Services, Inc. is an Ohio corporation.

8.     Accordingly, all plaintiffs and defendants are foreign corporations or individuals, and thus not citizens of the Commonwealth of Pennsylvania.  See, Exhibit "A."

9.     Removing Defendant, Jaro Transportation Services, Inc. was served with Plaintiffs' Complaint on August 4, 2014.  A copy of the Sheriff's Return of Service is attached hereto as Exhibit "C".

10.    28 U.S.C. § 1446 requires removal from state court within thirty (30) days of service of a copy of the initial pleading.

11.    Removal is proper and timely as the Removing Defendant filed this Notice of Removal within 30 days after service of Plaintiffs' Complaint on August 8, 2014.

12.     All Defendants who have been properly joined and served consent to the removal of this action to federal court. See, August 20, 2014 correspondence to all Defendants attached hereto as Exhibit "D."

13.     Pursuant to federal law, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different States; [and] (2) citizens of a State and citizens of a foreign State. . ." 28 U.S.C. §1332(a)(1)-(2).

14.     In this matter, there is complete diversity of citizenship between the parties:

    (a) Plaintiffs were and are citizens of Florida;

    (b) Defendants, Covan World-Wide Moving, Inc., Coleman American Moving Services, Inc. and Eagle Leasing, Inc. were and are Alabama corporations;

    (c) Defendants, Jeffrey Elder and Jonathan Blaurock were and are adult citizens and residents of the State of Kansas;

    (d) Defendant, Kathleen Hauman, was and is a citizen of the State of Connecticut; and

    (e) Removing Defendant, Jaro Transportation Services, Inc. was and is an Ohio corporation.

See, Exhibit "A."

15.     Based upon Plaintiffs' Complaint, plaintiffs seek alleged damages that are reasonably considered to in excess of $75,000.00.

16.     For instance, Plaintiffs' Complaint specifies that they are entitled to damages "in excess of $50,000.00, exclusive of interest, costs and damages." Id.

17.    Plaintiffs further allege that, as a result of this incident which involved a multi-vehicle motor vehicle accident that occurred on the Interstate Route 80 in White Deer Township, Union County, Pennsylvania, Plaintiff, David J. Klemann Sr. has suffered "severe and permanent" personal injuries, "including but not limited to traumatic brain injury, shattered tooth, vision deficits, hearing loss, injuries to the knees and ankles, headaches, disorientation, anxiety, depression, speech impairment and memory and cognitive deficits." Id. at ¶¶ 35-42.

18.    Plaintiffs have also alleged that Plaintiff, David J. Klemann Sr. has and will continue to incur damages for further medical treatment and has sustained a "severe loss of past and future earnings and earning capacity." Id. at ¶¶ 37, 41-42.

19.    Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

20.    This action is properly and timely removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, and in accordance with the requirements of 28 U.S.C. §1446.

21.    Concurrent with this filing, Removing Defendant is providing notice of this removal to the Court of Common Pleas of Philadelphia County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP

By: _____
Marc B. Zingarini, Esquire
Sean L. Phelan, Esquire
Attorneys for Defendant,
Jaro Transportation Services, Inc.
2000 Market Street, Suite 1300
Attorney ID ##: 38417/209469
(215) 972-7921

Dated: August 28, 2014

## CERTIFICATE OF SERVICE

I, Sean L. Phelan, hereby certify that on this date a true and correct copy of Defendant, Jaro Transportation Services, Inc.'s Notice of Removal was sent by first class United States mail, postage prepaid, to the following:

Churchill H. Huston, Esquire
The Maher Law Firm
1515 Market Street, Suite 810
Philadelphia, PA 19102
*Attorney for Plaintiffs, David J. and Kathryn Klemann*

Covan World-Wide Moving, Inc.
1 Covan Drive
Midland City, AL 36350

Coleman American Moving Services, Inc.
P.O. Box 960
1 Covan Drive
Midland City, AL 36350

Eagle Leasing, Inc.
P.O. Box 960
1 Covan Drive
Midland City, AL 36350

Jeffrey Elder
810 W. 5th Street
Ottawa, KS 66106

Jonathan A. Blaurock
5324 Osage Avenue
Kansas City, KS 66106

Kathleen Hauman
49 Blue Ridge Drive
Stamford, CT 06903

Respectfully Submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP

By: _____
Sean L. Phelan, Esquire

Dated: August 28, 2014

EXHIBIT "A"

David J. Klemann Sr. and Kathryn Klemann,
h/w
208 Railroad Street
Fruitland, FL. 34731

      Plaintiff,

vs.
Covan World-Wide Moving, Incorporated
1 Covan Drive,
Midland City, AL 36350
AND
Coleman American Moving Services, Inc.
PO BOX 960
1 Covan Drive,
Midland City, AL 36350
AND
Eagle Leasing, Inc.
PO BOX 960
1 Covan Drive,
Midland City, AL 36350
AND
Jeffrey Elder
810 W. 5th Street
Ottawa, Kansas  66106
AND
Jonathan A. Blaurock
5324 Osage Avenue
Kansas City, Kansas  66106
AND
JARO Transportation Services, Inc.
975 Post Road
Warren, Ohio  44483
AND
Kathleen Hauman
49 Blue Ridge Drive
Stamford, Connecticut  06903
          Defendants

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

CIVIL ACTION COMPLAINT


THIS IS NOT AN ARBITRATION
MATTER
ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**CIVIL ACTION COMPLAINT**
**MOTOR VEHICLE -2V**

1

Case ID: 140703975

Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property of other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

``AVISO

``Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

``LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERRIDO LEGAL
1 Reading Center
Filadelfia, PA  19107
Telefono:  238-6333"

THE MAHER LAW FIRM, P.A.
A Professional Association
1515 Market Street, Suite 810
Philadelphia, PA 19102
Phone: (215)-207-0267
Fax: (215)-207-0271
Attorneys for Plaintiff(s)

_____
CHURCHILL H. HUSTON, ESQUIRE

David J. Klemann Sr. and Kathryn Klemann,     COURT OF COMMON PLEAS
h/w     PHILADELPHIA COUNTY, PA
208 Railroad Street
Fruitland, FL.     CIVIL ACTION COMPLAINT

       Plaintiff,

vs.     THIS IS NOT AN ARBITRATION
Covan World-Wide Moving, Incorporated     MATTER
1 Covan Drive,     ASSESSMENT OF DAMAGES HEARING
Midland City, Alabama     IS REQUIRED
AND
Coleman American Moving Services, Inc.
PO BOX 960
1 Covan Drive,
Midland City, Alabama
AND
Eagle Leasing, Inc.
PO BOX 960
1 Covan Drive,
Midland City, Alabama
AND
Jeffrey Elder
810 W. 5th Street
Ottawa, Kansas
AND
Jonathan A. Blaurock
5324 Osage Avenue
Kansas City, Kansas
AND
JARO Transportation Services, Inc.
975 Post Road
Warren, Ohio
AND
Kathleen Hauman
49 Blue Ridge Drive
Stamford, Connecticut,
       Defendants
_____/

**CIVIL ACTION COMPLAINT**
**MOTOR VEHICLE -2V**

1

Case ID: 140703975

Plaintiffs, David J. Klemann, Sr. and Kathryn Klemann, Husband and Wife, by and through their attorneys, The Maher Law Firm, hereby demand damages against each of the defendants, Covan World-Wide Moving, Incorporated, Coleman American Moving Services, Inc., Eagle Leasing, Inc., Jeffrey Elder, Jonathan Blaurock, JARO Transportation Services, Inc., and Kathleen Hauman, in a sum in excess of fifty thousand dollars ($50,000.00), exclusive of interest, costs and damages for pre-judgment delay, upon the following causes of action:

## PARTIES

1.    Plaintiffs, David J. Klemann, Sr. and Kathryn Klemann, are adult citizens and residents of the state of Florida residing therein at 208 Railroad Street, Fruitland Park, FL.

2.    Plaintiffs, David J. Klemann and Kathryn Klemann are husband and wife.

3.    At all times relevant hereto, Mr. Klemann was the operator of a 2012 Volvo 3500 tractor trailer, with Illinois license plate number P729066 as well as a trailer unit bearing Illinois license plate U341106 (Hereinafter referred to as "Plaintiff's Truck").

4.    Defendant, Covan World-Wide Moving, Incorporated is engaged in the business of commercial transportation and trucking and is organized and existing under the laws of the state of Missouri, with its principal place of business at 1 Covan Drive, Midland City, Alabama.

5.    Defendant, Coleman American Moving Services, Inc. is engaged in the business of commercial transportation and trucking and is organized and existing under the laws of the state of Alabama, with its principal place of business at PO BOX 960, 1 Covan Drive, Midland City, Alabama.

6.    It is believed and therefore averred that Defendant, Covan World Wide Moving Incorporated and Defendant, Coleman American Moving Services, Inc. are vertically integrated corporations operating as one company.

2

7.    It is believed and therefore averred that Defendants, Covan World-Wide Moving, Incorporated, Coleman American Moving Services, Inc. and/or Eagle Leasing Inc., has, as part of its usual and ordinary business, operated and maintained numerous commercial transportation and trucking delivery destinations to, within, and from, Philadelphia County, Pennsylvania as well as, maintained and used routes or lanes of travel that run directly into and through Philadelphia County, and regularly conducts business therein, within the meaning of the Pennsylvania Rules of Civil Procedure.

8.    Defendant, Eagle Leasing, Inc. is engaged in the business of commercial transportation and trucking and tractor trailer leasing and is organized and existing under the laws of the state of Alabama, with its principal place of business at PO BOX 960, 1 Covan Drive, Midland City, Alabama.

9.    It is believed and therefore averred that Eagle Leasing, Inc. is owned and/or operated by Covan World-Wide Moving, Incorporated and/or Coleman American Moving Services Inc.

10.    At all times relevant hereto, Eagle Leasing, Inc. and/or Covan World-Wide Moving, Incorporated, was the owner of a 2006 International Harvester model International tractor unit with Alabama license number 1061280, as well as a trailer unit bearing Alabama license plate A061533 (Hereinafter referred to as "Truck No. 1").

11.    At all times relevant hereto, Covan World-Wide Moving, Incorporated and/or Coleman American Moving Services, Inc. was the lessee of a 2006 International Harvester model International tractor unit with Alabama license number 1061280, as well as a trailer unit bearing Alabama license plate A061533 (hereinafter referred to as "Truck No. 1").

12.    At all times relevant hereto, Eagle Leasing, Inc. and/or Covan World-Wide Moving, Incorporated, was the owner of a 2004 International Harvester model International tractor unit with

3

Alabama license number 1061223, as well as a trailer unit bearing Alabama license plate A062128 (hereinafter referred to as "Truck No. 2").

13.     At all times relevant hereto, Covan World –Wide Moving Incorporated and/or Coleman American Moving Services, Inc. was the lessee of a 2004 International Harvester model International tractor unit with Alabama license number 1061223, as well as a trailer unit bearing Alabama license plate A062128 (hereinafter referred to as "Truck No. 2").

14.     Defendant, Jeffrey Elder, (hereinafter referred to as "Mr. Elder"), is an adult citizen and resident of the State of Kansas, residing therein at 810 W. 5th Street, Ottawa, Kansas.

15.     At all times relevant hereto, Mr. Elder was the operator of Truck No. 1.

16.     Defendant, Jonathan Blaurock, (hereinafter referred to as "Mr. Blaurock"), is an adult citizen and resident of the State of Kansas, residing therein at5324 Osage Avenue, Kansas City, Kansas or 3024 S 46th Street, Kansas City, Kansas 66106.

17.     At all times relevant hereto, Mr. Blaurock was the operator of Truck No. 2.

18.     At all times relevant hereto, Mr. Elder and Mr. Blaurock were the agents, servants, and/or employees of Covan World-Wide Moving, Incoporated and/or Coleman American Moving Services, Inc. and/or Eagle Leasing, Inc. acting within the course and scope of their agency and/or employment for Covan World- Wide Moving, Incorporated/Coleman American Moving Services, Inc./Eagle Leasing Inc.

19.     Defendant, JARO Transportation Services, Inc. is engaged in the business of commercial transportation and trucking and is organized and existing under the laws of the state of Ohio, with its principal place of business at 975 Post Road, Warren, Ohio 44483.

20.     It is believed and therefore averred that Defendant, JARO Transportation Services, Inc. has, as part of its usual and ordinary business, operated and maintained numerous commercial

4

Case ID: 140703975

transportation and trucking delivery destinations to, within, and from, Philadelphia County, Pennsylvania as well as, maintained and used routes or lanes of travel that run directly into and through Philadelphia County, and regularly conducts business therein, within the meaning of the Pennsylvania Rules of Civil Procedure

21.     At all times relevant hereto Defendant, JARO Transportation Services,  Inc. was the owner of a commercial motor vehicle, red or maroon in color International model tractor with the Unit number "589," and a flat bed trailer.  (hereinafter referred to as "Truck No. 3").

22.     At all times relevant hereto, the operator/driver of Truck No.3  on January 21, 2013 was the agent, servant, and/or employee of acting within the course and scope of his or her agency and/or employment for JARO Transportation Services, Inc.

23.     Defendant, Kathleen Hauman, (hereinafter referred to as "Ms. Hauman"), is an adult citizen and resident of the State of Connecticut, residing therein at 49 Blue Ridge Drive, Stamford, Connecticut.

24.     At all times relevant hereto, Kathleen Hauman, was the owner and/or operator of a 2006 Toyota Sienna, Connecticut license plate 579MHA (Hereinafter referred to as the "Mini-Van").

25.     On or about January 21, 2013, Defendants, Jeffrey Elder, Jonathan Blaurock, and Kathleen Hauman, were the operators their respective vehicles involved in a collision with Plaintiff on the Interstate Route 80 causing personal injury to Plaintiff as set forth in more detail below.

## FACTUAL BACKGROUND

26.     On or about January 21, 2013, at approximately 1530 hours, Plaintiff, Mr. Klemann, was traveling Eastbound on the Interstate Route 80 in White Deer Township, Union County, Pennsylvania.

5

Case ID: 140703975

27.    At all relevant times, there were slippery road conditions due to ice, freezing precipitation, and/or snow.

28.    At all relevant times snow and/or sleet and/or freezing precipitation was falling.

29.    Defendant, Mr. Elder, driving Truck No. 1 was traveling in the left hand lane of I-80 eastbound at a rate of speed too great for weather and roadway conditions when he lost control of the vehicle causing it to jackknife, strike the guardrail and obstruct the roadway.

30.    Defendant, Mr. Blaurock, driving Truck No. 2 was traveling behind Truck No. 1 at a rate of speed too great for conditions when he lost control of the vehicle causing it to strike the guard rail, and obstruct the roadway.

31.    It is believed and therefore averred that Truck No. 3 was traveling in front of Truck Nos.1 and 2 at a rate of speed to great for the conditions when its operator lost control of Truck No. 3, and in part caused or contributed to Defendant, Mr. Elder's negligent actions and the obstruction of the roadway by Truck No. 1.

32.    It is believed and therefore averred that Truck Nos. 1, 2 and 3 passed Plaintiff's Truck and the Car prior to loss of control and obstruction of the road way by Truck Nos. 1 and 2.

33.    Defendant, Ms. Hauman, driving the Car was traveling eastbound on I-80 at a rate of speed too great for conditions, causing the Car to strike vehicle(s) obstructing a portion of the right lane and right roadway median.

34.    With the roadway completely obstructed by Truck Nos. 1 & 2 and the Car, Plaintiff was unable to avoid a collision and struck the trailer of Truck No. 1.

35.    As a direct and proximate result of the negligence of the Defendants, Plaintiff suffered severe and permanent injuries, including but not limited to a traumatic brain injury, a shattered tooth, vision deficits, hearing loss, injuries to the knees and ankles, headaches,

6

disorientation, anxiety, depression, speech impairment and memory and cognitive deficits.

36.     As a direct and proximate result of the negligence of Defendants, Plaintiff required medical attention and treatment for his injuries.

37.     As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered severe and permanent injuries which require further medical treatment in the future in order to treat the injuries caused by this collision and by the negligence of Defendants.

38.     As a direct and proximate result of the negligence of Defendants, Plaintiff has experienced significant pain, suffering, and humiliation from the aforementioned injuries in the past and will continue with his pain, suffering and humiliation from these injuries into the future.

39.     As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered great mental and emotional anguish and distress.

40.     As a direct and proximate result of the negligence of all Defendants, Plaintiff has suffered the loss of life's pleasures.

41.     As a direct and proximate result of the negligence of all Defendants, Plaintiff has been obliged to incur out-of-pocket expenditures for medicine and medical care and he may continue to expend such sums in the future in addition to, the extent that medical bills which are recoverable under the Motor Vehicle Responsibility Law were incurred, Plaintiff seeks recovery of such expenses.

42.     As a direct and proximate result of the negligence of all Defendants, Plaintiff has and will continue to suffer a severe loss of past and future earnings and earning capacity and/or impairment of his future earning capacity and power.

**COUNT I - NEGLIGENCE**
**PLAINTIFF V. COVAN WORLD-WIDE MOING, INC.**

7

43.     Plaintiff incorporates the prior paragraphs as though set forth at length herein.

44.     At all times relevant hereto, it is believed and averred that Covan World-Wide Moving, Incorporated was the parent corporation, affiliated corporation, and/or alter-ego corporation of Coleman American Moving Services, Inc. and/ or Eagle Leasing, Inc.

45.     The negligence and disregard for the safety of others of Defendant, Covan World-Wide Moving, Incorporated, itself and acting directly and through its agents, servants and/or employees, co-defendants Mr. Elder, and Mr. Blaurock and/or co-defendants , Coleman American Moving Services, Inc. and Eagle Leasing, Inc., included the following:

a.     Negligently entrusting the operation a tractor-trailer to defendant Mr. Elder and Mr. Blaurock;

b.     Negligently entrusting the operation of a tractor-trailer in a manner which was dangerous to the safety of the person and property of plaintiff and to all who were on the highway;

c.     Failing to properly maintain defendant's tractor-trailer under adequate control;

d.     Negligently operating a tractor-trailer at an unreasonable and dangerous rate of speed;

e.     Failure to perform a proper pre-trip inspection regarding the condition and safety the tractor-trailer and failure to maintain all equipment in proper and safe working condition;

f.     Failing to note the point and position of other vehicles on the road;

g.     Failure to properly manage the space on all sides of the tractor-trailer;

h.     Failure to follow the rules of the road when conducting a commercial vehicle;

i.     Failing to comply with the Federal Motor Carrier Safety Regulations regarding driver hiring, training, and safety; and

j.     Failing to maintain/inspect the tractor-trailer to confirm it was in proper working order and safe condition for the safe operation on the roadway.

46.     As a direct and proximate result of the negligence of Defendant, Covan World-Wide

Moving, Incorporated, Plaintiff suffered severe and permanent injuries as stated in detail above.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

## COUNT II – NEGLIGENCE
## PLAINTIFF V COLEMAN AMERICAN MOVING SERVICES, INC.

47.     Plaintiff incorporates the prior paragraphs as though set forth at length herein.

48.     At all times relevant hereto, it is believed and averred that Coleman American Moving Services, Inc. was the parent corporation, affiliated corporation, and/or alter-ego corporation of Covan World-Wide Moving, Incorporated and/ or Eagle Leasing, Inc.

49.     The negligence and disregard for the safety of others of Defendant, Coleman American Moving Services, Inc., itself and acting directly and through its agents, servants and/or employees, Mr. Elder, and Mr. Blaurock and/or co-defendants , Covan World-Wide Moving, Incorporated and Eagle Leasing, Inc., included the following:

a.     Negligently entrusting the operation of a tractor-trailer to defendants Mr. Elder and Mr. Blaurock;

b.     Negligently entrusting the operation of a tractor-trailer in a manner which was dangerous to the safety of the person and property of plaintiff and to all who were on the highway;

c.     Failing to properly maintain defendant's tractor-trailer under adequate control;

d.     Negligently operating a tractor-trailer at an unreasonable and dangerous rate of speed;

e.     Failure to perform a proper pre-trip inspection regarding the condition and safety the tractor-trailer and failure to maintain all equipment in proper and safe working condition;

f.     Failing to note the point and position of other vehicles on the road;

9

g.      Failure to properly manage the space on all sides of the tractor-trailer;

h.      Failure to follow the rules of the road when conducting a commercial vehicle;

ii.      Failing to comply with the Federal Motor Carrier Safety Regulations regarding driver hiring, training, and safety; and

j.      Failing to maintain/inspect the tractor-trailer to confirm it was in proper working order and safe condition for the safe operation on the roadway.

50.      As a direct and proximate result of the negligence of Defendant, Coleman American Moving Services, Inc., Plaintiff suffered severe and permanent injuries as stated in detail above.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

### COUNT III – NEGLIGENCE
### PLAINTIFF V EAGLE LEASING, INC

51.      Plaintiff incorporates the prior paragraphs as though set forth at length herein.

52.      At all times relevant hereto, it is believed and averred that Eagle Leasing, Inc. was the parent corporation, affiliated corporation, and/or alter-ego corporation of Coleman American Moving Services, Inc. and/or Covan World-Wide Moving, Incorporated.

53.      The negligence and disregard for the safety of others of Defendant, Eagle Leasing, Inc., itself and acting directly and through its agents, servants and/or employees, and/or co-defendants , Coleman American Moving Services, Inc., Covan World-Wide Moving, Incorporated, Mr. Elder, and Mr. Blaurock included the following

a.      Negligently entrusting the operation of a tractor-trailer to defendants Covan World-Wide Moving, Incorporated, Coleman American Moving Services, Inc., Mr. Elder and Mr. Blaurock;

10

b.   Negligently entrusting the operation of a tractor-trailer in a manner which was dangerous to the safety of the person and property of plaintiff and to all who were on the highway;

c.   Failing to properly maintain defendant's tractor-trailer under adequate control;

d.   Negligently operating a tractor-trailer at an unreasonable and dangerous rate of speed;

e.   Failure to perform a proper pre-trip inspection regarding the condition and safety the tractor-trailer and failure to maintain all equipment in proper and safe working condition;

f.   Failing to note the point and position of other vehicles on the road;

g.   Failure to properly manage the space on all sides of the tractor-trailer;

h.   Failure to follow the rules of the road when conducting a commercial vehicle;

i.   Failing to comply with the Federal Motor Carrier Safety Regulations regarding driver hiring, training, and safety;

j.   Failing to maintain/inspect the tractor-trailer to confirm it was in proper working order and safe condition for the safe operation on the roadway; and

k.   leasing equipment which was not in proper working order for the intended use.

54.   As a direct and proximate result of the negligence of Defendant Eagle Leasing, Inc.,

Plaintiff suffered severe and permanent injuries as stated in detail above.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages,

together with interest, costs, and attorney's fees and delay damages and any further relief deemed

appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

### COUNT IV – NEGLIGENCE
### PLAINTIFF V. JEFFREY ELDER

55.   Plaintiff incorporates the prior paragraphs as though set forth at length herein.

56.   The negligence and disregard for the safety of others of Defendant, JEFFREY

ELDER, included the following:

11

Case ID: 140703975

a.    Failing to properly maintain the tractor-trailer under adequate control;

b.    Failure to perform a proper pre-trip inspection regarding the condition and safety of the tractor-trailer or mini-van and failure to maintain all equipment in proper and safe working condition;

c.    Failing to note the point and position of other vehicles on the road;

d.    Failure to properly manage the space on all sides of the tractor-trailer;

e.    Failure to follow the rules of the road when conducting a commercial vehicle in adverse weather and/or roadway conditions;

f.    Failing to comply with the Federal Motor Carrier Safety Regulations regarding driver hiring, training, and safety;

g.    Failing to maintain/inspect the tractor-trailer or mini-van to confirm it was in proper working order and safe condition for the safe operation on the roadway;

h.    Failing to travel at a speed appropriate to the icy/snowy conditions; and

i.    Failing to maintain/inspect the tractor-trailer or mini-van to confirm it was in proper working order and safe condition for the safe operation on the roadway in icy/snowy conditions

57.    As a direct and proximate result of the negligence of defendant, Plaintiff suffered severe and permanent injuries as stated in detail above.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

### COUNT V – NEGLIGENCE
### PLAINTIFF V. JONATHAN BLAUROCK

58.    Plaintiff incorporates the prior paragraphs as though set forth at length herein.

59.    The negligence and disregard for the safety of others of Defendant JONATHAN BLAUROCK included the following:

a.    Failing to properly maintain defendant's tractor-trailer under adequate control;

12

b.      Failure to perform a proper pre-trip inspection regarding the condition and safety of the tractor-trailer or mini-van and failure to maintain all equipment in proper and safe working condition;

c.      Failing to note the point and position of other vehicles on the road;

d.      Failure to properly manage the space on all sides of the tractor-trailer;

e.      Failure to follow the rules of the road when conducting a commercial vehicle in adverse weather and/or roadway conditions;

f.      Failing to comply with the Federal Motor Carrier Safety Regulations regarding driver hiring, training, and safety;

g.      Failing to maintain/inspect the tractor-trailer or mini-van to confirm it was in proper working order and safe condition for the safe operation on the roadway;

h.      Failing to travel at a speed appropriate to the icy/snowy conditions; and

i.      Failing to maintain/inspect the tractor-trailer or mini-van to confirm it was in proper working order and safe condition for the safe operation on the roadway in icy/snowy conditions

60.     As a direct and proximate result of the negligence of defendant, Plaintiff suffered severe and permanent injuries as stated in detail above.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

### COUNT VI - NEGLIGENCE
### PLAINTIFF V. JARO TRANSPORATION SERIVES, INC.

61.     Plaintiff incorporates the prior paragraphs as though set forth at length herein.

62.     The negligence and disregard for the safety of others of Defendant, JARO Transportation Services, Inc., itself and acting directly and through its agents, servants and/or employees, included the following:

13

a.  Negligently entrusting the operation a tractor-trailer to the unidentified driver on January 21, 2013.

b.  Negligently entrusting the operation of a tractor-trailer in a manner which was dangerous to the safety of the person and property of plaintiff and to all who were on the highway;

c.  Failing to properly maintain defendant's tractor-trailer under adequate control;

d.  Negligently operating a tractor-trailer at an unreasonable and dangerous rate of speed;

e.  Failure to perform a proper pre-trip inspection regarding the condition and safety the tractor-trailer and failure to maintain all equipment in proper and safe working condition;

f.  Failing to note the point and position of other vehicles on the road;

g.  Failure to properly manage the space on all sides of the tractor-trailer;

h.  Failure to follow the rules of the road when conducting a commercial vehicle;

iii.  Failing to comply with the Federal Motor Carrier Safety Regulations regarding driver hiring, training, and safety; and

j.  Failing to maintain/inspect the tractor-trailer to confirm it was in proper working order and safe condition for the safe operation on the roadway.

63.  As a direct and proximate result of the negligence of Defendant, JARO Transportation Services, Inc., Plaintiff suffered severe and permanent injuries as stated in detail above.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

14

Case ID: 140703975

## COUNT VII -- NEGLIGENCE
### PLAINTIFF V. KATHLEEN HAUMAN

64.   Plaintiff incorporates the prior paragraphs as though set forth at length herein.

65.   The negligence and disregard for the safety of others of Defendant, **KATHLEEN HAUMAN,**  included the following:

   a.   Failing to travel at a speed appropriate to the icy/snowy conditions;

   b.   Failing to properly maintain the Car, defendant's mini-van under adequate control;

   c.   Failing to note the point and position of other vehicles on the road;

   d.   Failing to follow the rules of the road when operating passenger vehicle;  and

   e.   Failing to maintain/inspect the Car, Defendant's mini-van, to confirm it was in proper working order and safe condition for the safe operation on the roadway in icy/snowy conditions

66.   As a direct and proximate result of the negligence of Defendant, Plaintiff suffered severe and permanent injuries as stated in detail above.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

## COUNT VIII - LOSS OF CONSORTIUM
### PLAINTIFF V. COVAN WORLD-WIDE MOVING INCORPORATED

67.   Plaintiff, Kathryn Klemann, hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

68.   At all material times hereto, Kathryn Klemann was and is the wife of David J. Klemann.

69.   As a result of the negligence of Defendant, COVAN WORLD-WIDE MOVING

15

INCORPORATED , set forth above, Kathryn Klemann suffered a loss of the services, society and companionship of her husband.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

### COUNT IX - LOSS OF CONSORTIUM
### PLAINTIFF V. COLEMAN AMERICAN MOVING SERVICES, INC.

70.     Plaintiff, Kathryn Klemann, hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

71.     At all material times hereto, Kathryn Klemann was and is the wife of David J. Klemann.

72.     As a result of the negligence of Defendant, COLEMAN AMERICAN MOVING SERVICES, INC., set forth above, Kathryn Klemann suffered a loss of the services, society and companionship of her husband.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

### COUNT X- LOSS OF CONSORTIUM
### PLAINTIFF V. EAGLE LEASING, INC.

73.     Plaintiff, Kathryn Klemann, hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

74.     At all material times hereto, Kathryn Klemann was and is the wife of David J. Klemann.

75.     As a result of the negligence of Defendant, EAGLE LEASING, INC., set forth

16

above, Kathryn Klemann suffered a loss of the services, society and companionship of her husband.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

## COUNT XI - LOSS OF CONSORTIUM
### PLAINTIFF V. JEFFREY ELDER

76.     Plaintiff, Kathryn Klemann, hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

77.     At all material times hereto, Kathryn Klemann was and is the wife of David J. Klemann.

78.     As a result of the negligence of Defendant, JEFFREY ELDER , set forth above, Kathryn Klemann suffered a loss of the services, society and companionship of her husband.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

## COUNT XII- LOSS OF CONSORTIUM
### PLAINTIFF V. JONATHAN BLAUROCK

79.     Plaintiff, Kathryn Klemann, hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

80.     At all material times hereto, Kathryn Klemann was and is the wife of David J. Klemann.

81.     As a result of the negligence of Defendant,  JONATHAN BLAUROCK, set forth above, Kathryn Klemann suffered a loss of the services, society and companionship of her husband.

17

Case ID: 140703975

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

## COUNT XIII- LOSS OF CONSORTIUM
### PLAINTIFF V. JARO TRANSPORATION SERVICES, INC.

82.     Plaintiff, Kathryn Klemann, hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

83.     At all material times hereto, Kathryn Klemann was and is the wife of David J. Klemann.

84.     As a result of the negligence of Defendant, JARO Transportation Services, Inc., set forth above, Kathryn Klemann suffered a loss of the services, society and companionship of her husband.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

## COUNT XIV- LOSS OF CONSORTIUM
### PLAINTIFF V. KATHLEEN HAUMAN

85.     Plaintiff, Kathryn Klemann, hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

86.     At all material times hereto, Kathryn Klemann was and is the wife of David J. Klemann.

87.     As a result of the negligence of Defendant, **KATHLEEN HAUMAN**, set forth above, Kathryn Klemann suffered a loss of the services, society and companionship of her husband.

18

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs, and attorney's fees and delay damages and any further relief deemed appropriate by this Honorable Court for an amount in excess of fifty-thousand dollars ($50,000.00).

THE MAHER LAW FIRM, P.A.

BY: _____

Churchill H. Huston, Esquire
Attorney I.D. 83810
1515 Market Street, Suite 810
Philadelphia, PA 19102
(215) 207-0267
Attorney(s) for Plaintiff(s)

Case ID: 140703975

## VERIFICATION

The undersigned, having read the attached pleading, hereby verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not the signer. Signer verifies that he has read the within pleading and that it is true and correct to the best of the signer's knowledge, information, and belief. To the extent that the contents of the pleadings are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. 4904, relating to Unsworn Falsifications to Authorities.

DATED: 07/28 , 20 14

David J. Klemann, Sr.

by and through
The Maher Law Firm, A Professional Association, attorneys in fact.

8130856

## VERIFICATION

    The undersigned, having read the attached pleading, hereby verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit.  The language of the pleading is that of counsel and not the signer.  Signer verifies that she has read the within pleading and that it is true and correct to the best of the signer's knowledge, information, and belief.  To the extent that the contents of the pleadings are that of counsel, verifier has relied upon counsel in taking this Verification.  This Verification is made subject to the penalties of 18 Pa. C.S.A. 4904, relating to Unsworn Falsifications to Authorities.


DATED: 7 - 28 _____ , 20 14

Kathy Klemann
_____
Kathy Klemann

by and through
The Maher Law Firm, A Professional Association, attorneys in fact.


8130856

Case ID: 140703975

# EXHIBIT "B"

David J. Klemann Sr. And Kathryn Klemann,    COURT OF COMMON PLEAS
h/w    PHILADELPHIA COUNTY, PA

        Plaintiff,

vs.    JULY TERM, 2014

Covan World-Wide Moving, Incorporated;    NO. 003975
Coleman American Moving Services, Inc.;
Eagle Leasing, Inc.; Jeffrey Elder; Jonathan
A. Blaurock; JARO Transportation Services,
Inc.; and Kathleen Hauman,

        Defendants      /

---

### AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA    :
           :    SS
COUNTY OF PHILADELPHIA    :

    CHURCHILL H. HUSTON, ESQUIRE, being duly sworn according to law deposes and says

that on August 1, 2014, he did file a Civil Action Complaint in the above-entitled matter with the

Court; and that on August 4, 2014 at 8:46 a.m., a true and correct copy of the Civil Action Complaint

was served upon Coleman American Moving Services; a copy of the Return Receipt for Merchandise

article number 70121640000054575502 and USPS  tracking confirmation are attached hereto and

marked as Exhibit "A".

        THE MAHER LAW FIRM, P.A.

    BY: _____
        Churchill H. Huston, Esquire
        Attorney for Plaintiff(s)

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 7ᵗʰ  DAY
OF August, 2014

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ETHEL M. SEMBROT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 28, 2017



Case ID: 14070397

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Coleman American Moving Services

1 Covan Drive

Midland City, AL 36350

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]   ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

[signature]

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7012 1640 0000 5457 5502

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

English          Customer Service          USPS Mobile                                    Register / Sign In



# USPS Tracking™

Customer Service ›
Have questions? We're here to help.

Tracking Number: **70121640000054575502**

Available Actions

**Postal Product:**          **Features:**
                             Certified Mail

| | | |
|---|---|---|
| **August 4, 2014 , 8:46 am** | Delivered | **MIDLAND CITY, AL 36350** |
| August 4, 2014 , 8:32 am | Arrived at Unit | MIDLAND CITY, AL 36350 |

**What's your tracking (or receipt) number?**

Track It

**LEGAL**

**ON USPS.COM**

**ON ABOUT.USPS.COM**

**OTHER USPS SITES**



Case ID: 14070397

David J. Klemann Sr. And Kathryn Klemann,          COURT OF COMMON PLEAS
h/w                                                PHILADELPHIA COUNTY, PA

        Plaintiff,

vs.                                                JULY TERM, 2014

Covan World-Wide Moving, Incorporated;             NO. 003975
Coleman American Moving Services, Inc.;
Eagle Leasing, Inc.; Jeffrey Elder; Jonathan
A. Blaurock; JARO Transportation Services,
Inc.; and Kathleen Hauman,

        Defendants         /

---

### AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA          :
                                  :    SS
COUNTY OF PHILADELPHIA                 :

      CHURCHILL H. HUSTON, ESQUIRE, being duly sworn according to law deposes and says

that on August 1, 2014, he did file a Civil Action Complaint in the above-entitled matter with the

Court; and that on August 5, 2014 at 3:33 p.m., a true and correct copy of the Civil Action Complaint

was served upon Kathleen Hauman; a copy of the Return Receipt for Merchandise

70121640000054575557 and USPS tracking confirmation are attached hereto and marked as Exhibit

"A".

                              THE MAHER LAW FIRM, P.A.

                        BY: _____
                                Churchill H. Huston, Esquire
                                Attorney for Plaintiff(s)

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 7th DAY
OF August, 2014

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ETHEL M. SEMBROT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 28, 2017



Case ID: 140703975



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Ms. Kathleen Hannan
49 Blue Ridge Drive
Stamford, Cn 06903

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]                    □ Agent
                                 □ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Kathleen Hannan

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:          □ No

[postmark: STAMFORD CT 06901   AUG 5 2011]

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number          7012 1640 0000 5457 5557
   (Transfer from service label)

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

English          Customer Service          USPS Mobile                                                    Register / Sign In

 **USPS.COM**                                                                 Search USPS.com or Track Packages

# USPS Tracking™

 **Customer Service ›**
**Have questions? We're here to help.**

7012 1640 0000 5457 5557

## Product & Tracking Information                                    Available Actions

**Postal Product:**                    **Features:**
                                        Certified Mail™

| | | |
|---|---|---|
| **August 5, 2014 , 3:33 pm** | Delivered | **STAMFORD, CT 06903** |
| | | |
| August 4, 2014 , 9:58 am | Notice Left (No Authorized Recipient Available) | STAMFORD, CT 06903 |
| August 4, 2014 , 8:55 am | Out for Delivery | STAMFORD, CT 06907 |
| August 4, 2014 , 8:45 am | Sorting Complete | STAMFORD, CT 06907 |
| August 4, 2014 , 8:17 am | Arrived at Unit | STAMFORD, CT 06907 |

## Track Another Package

What's your tracking (or receipt) number?

[                                        ]          Track It

LEGAL                        ON USPS.COM                  ON ABOUT.USPS.COM            OTHER USPS SITES

 **USPS.COM**

David J. Klemann Sr. And Kathryn Klemann,     COURT OF COMMON PLEAS
h/w     PHILADELPHIA COUNTY, PA

      Plaintiff,

vs.     JULY TERM, 2014

Covan World-Wide Moving, Incorporated;     NO.  003975
Coleman American Moving Services, Inc.;
Eagle Leasing, Inc.; Jeffrey Elder; Jonathan
A. Blaurock; JARO Transportation Services,
Inc.; and Kathleen Hauman,

      Defendants       /

### AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA     :
                                    :     SS
COUNTY OF PHILADELPHIA              :

        CHURCHILL H. HUSTON, ESQUIRE, being duly sworn according to law deposes and says

that on August 1, 2014, he did file a Civil Action Complaint in the above-entitled matter with the

Court; and that on August 5, 2014, a true and correct copy of the Civil Action Complaint was served

upon Covan World-Wide Moving, Incorporated; a copy of the Return Receipt for Merchandise

article number 70121640000054576257 is  attached hereto and marked as Exhibit "A".

                      **THE MAHER LAW FIRM, P.A**.

        BY: _____
                      Churchill H. Huston, Esquire
                      Attorney for Plaintiff(s)

Case ID: 14070397

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 8th DAY
OF August, 2014

_____
NOTARY PUBLIC
COMMONWEALTH OF PENNSYLVANIA

NOTARIAL SEAL
ETHEL M. SEMBROT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 28, 2017



Case ID: 14070397

David J. Klemann Sr. And Kathryn Klemann,
h/w

        Plaintiff,

vs.

Covan World-Wide Moving, Incorporated;
Coleman American Moving Services, Inc.;
Eagle Leasing, Inc.; Jeffrey Elder; Jonathan
A. Blaurock; JARO Transportation Services,
Inc.; and Kathleen Hauman,

        Defendants          /

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA


JULY TERM, 2014

NO.  003975

---

## AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA     :
                                           :    SS
COUNTY OF PHILADELPHIA              :

        CHURCHILL H. HUSTON, ESQUIRE, being duly sworn according to law deposes and says

that on August 1, 2014, he did file a Civil Action Complaint in the above-entitled matter with the

Court; and that on August 5, 2014, a true and correct copy of the Civil Action Complaint was served

upon Jonathan a. Balurock; a copy of the Return Receipt for Merchandise article number

70121640000054575533  is attached hereto and marked as Exhibit "A".

                               THE MAHER LAW FIRM, P.A.

                    BY: _____
                              Churchill H. Huston, Esquire
                              Attorney for Plaintiff(s)

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 8th DAY
OF August, 2014

_____
NOTARY PUBLIC
COMMONWEALTH OF PENNSYLVANIA

NOTARIAL SEAL
ETHEL M. SEMBROT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 28, 2017



Case ID: 14070397

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Jonathan A. Blaurock
5324 Osage Avenue
Kansas City, Kansas 66106

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Blaurock Torres_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Annette Torres   8-7-14

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7012 1640 0000 5457 5533

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

David J. Klemann Sr. And Kathryn Klemann,       COURT OF COMMON PLEAS
h/w                                             PHILADELPHIA COUNTY, PA

        Plaintiff,

vs.                                             JULY TERM, 2014

Covan World-Wide Moving, Incorporated;          NO.  003975
Coleman American Moving Services, Inc.;
Eagle Leasing, Inc.; Jeffrey Elder; Jonathan
A. Blaurock; JARO Transportation Services,
Inc.; and Kathleen Hauman,

        Defendants          /

## AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA          :
                                        :      SS
COUNTY OF PHILADELPHIA                 :

        CHURCHILL H. HUSTON, ESQUIRE, being duly sworn according to law deposes and says

that on August 1, 2014, he did file a Civil Action Complaint in the above-entitled matter with the

Court; and that on August 5, 2014, a true and correct copy of the Civil Action Complaint was served

upon Eagle Leasing, Incorporated; a copy of the Return Receipt for Merchandise article number

70121640000054575519 is attached hereto and marked as Exhibit "A".

                                 **THE MAHER LAW FIRM, P.A.**

                       BY: _____

                           Churchill H. Huston, Esquire
                           Attorney for Plaintiff(s)

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 11th DAY
OF August, 2014

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ETHEL M. SEMBROT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 28, 2017



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Eagle Leasing, Inc.
P.O. Box 960
Cowan Drive
Midland City, AL 36350

2. Article Number
(Transfer from service label)
7012 1640 0000 5457 5519

PS Form 3811, February 2004    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595-02-M-1540

EXHIBIT "C"

David J. Klemann Sr. And Kathryn Klemann,
h/w

        Plaintiff,

vs.

Covan World-Wide Moving, Incorporated;
Coleman American Moving Services, Inc.;
Eagle Leasing, Inc.; Jeffrey Elder; Jonathan
A. Blaurock; JARO Transportation Services,
Inc.; and Kathleen Hauman,

        Defendants       /

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA

JULY TERM, 2014

NO. 003975

### AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA    :
                                       :   SS
COUNTY OF PHILADELPHIA          :

CHURCHILL H. HUSTON, ESQUIRE, being duly sworn according to law deposes and says that on August 1, 2014, he did file a Civil Action Complaint in the above-entitled matter with the Court; and that on August 4, 2014 at 12:17 p.m., a true and correct copy of the Civil Action Complaint was served upon JARO Transportation Services; a copy of the Return Receipt for Merchandise article number 70121640000054575540 and USPS tracking confirmation are attached hereto and marked as Exhibit "A".

THE MAHER LAW FIRM, P.A.

BY: _____
Churchill H. Huston, Esquire
Attorney for Plaintiff(s)

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 7th  DAY
OF August, 2014

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ETHEL M. SEMBROT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 28, 2017

Case ID: 140703975



Case ID: 140703975

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SARO Transportation Services
975 Post Road
Warren, Ohio 44483

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                              ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7012 1640 0000 5457 5540

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

English        Customer Service        USPS Mobile                                    Register / Sign In



Search USPS.com or Track Packages

# USPS Tracking™

✉ Customer Service ›
Have questions? We're here to help.

Tracking Number: **70121640000054575540**

**Postal Product:**              **Features:**
                                 Certified Mail™

August 4, 2014 , 12:17 pm       Delivered              **WARREN, OH 44483**

What's your tracking (or receipt) number?

_____          Track It

LEGAL                    ON USPS.COM                 ON ABOUT.USPS.COM              OTHER USPS SITES

🦅 USPS.COM®

Case ID: 140703975

# EXHIBIT "D"

# Weber ☐
## Gallagher

2000 Market Street, Suite 1300                                              ᴛ(215) 972-7900
Philadelphia, PA 19103                                                      ꜰ(215) 564-7699


August 20, 2014

**VIA U.S. FIRST CLASS MAIL**
Covan World-Wide Moving, Inc.                   Direct Dial: (215) 972-7906
1 Covan Drive                                   Email: mzingarini@wglaw.com
Midland City, AL 36350
                                                Direct Dial: (267) 519-4983
                                                Email: sphelan@wglaw.com
Coleman American Moving Services, Inc.     Jonathan Blaurock
P.O. Box 960                               5324 Osage Ave.
1 Covan Drive                              Kansas City, KS 66106
Midland City, AL 36350


Eagle Leasing, Inc.                        Kathleen Hauman
P.O. Box 960                               49 Blue Ridge Drive
1 Covan Drive                              Stamford, CT 06903
Midland City, AL 36350


Jeffrey Elder
810 W. 5ᵗʰ Street
Ottawa, KS 66106

> RE:   **David J. & Kathryn Klemann v. Jaro Transportation Services, Inc., et al.**
>        **NO. 3975**
>        **Philadelphia County Court of Common Pleas**
>        **Our File Number: 0077980**

Dear Sir or Madam:

    Please be advised that we intend to remove the above captioned litigation from its current venue, the Philadelphia County Court of Common Pleas, to the United States District Court for the Eastern District of Pennsylvania.

    Kindly advise within the next five (5) days whether you consent to the removal of this action. **If we do not hear back from you to the contrary by August 26, 2014, we will take it that you consent to removal and will file a Notice of Removal indicating same.** If you are currently represented by counsel, kindly forward this correspondence to their immediate attention.

Thank you for your attention to this matter.

Very truly yours,

Marc B. Zingarini
Sean L. Phelan

MBZ/slp